NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3228

ROBERT L. JONES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Robert L. Jones, of Milwaukee, Wisconsin, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3228

ROBERT L. JONES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  November 13, 2007

_____

Before LOURIE, GAJARSA, and PROST, <u>Circuit Judges</u>.

LOURIE, <u>Circuit Judge</u>.

## DECISION

Robert L. Jones appeals from the decision of the Merit Systems Protection Board ("the Board") dismissing as untimely his appeal from the denial of his application for a disability retirement annuity.  <u>Jones v. Office of Pers. Mgmt.</u>, CH-844E-06-0636-I-1 (M.S.P.B. May 2, 2007) (initial decision dated Oct. 13, 2006).  Because the Board abused its discretion in reaching its decision, we <u>reverse</u>.

## BACKGROUND

Mr. Jones was previously employed as a laundry worker for the Department of Veterans Affairs ("DVA").  He applied to the Office of Personnel Management ("OPM")

for a disability retirement annuity under the Federal Employees' Retirement System ("FERS") based on degenerative disc disease of the spine, tears in both shoulders, lumbar discectomy, and lumbar fusion and posterior fusion surgeries. Jones stated that he became disabled on August 27, 2002. He later declined the offer of a modified laundry worker position that was intended to accommodate his work-related physical disabilities. On May 5, 2005, DVA found Jones "physically disqualified" and proposed to remove him from his position, and, on May 31, 2005, DVA removed him from his position. Independently, the Office of Workers' Compensation Programs ("OWCP") found that Jones's reasons for declining the alternative position were not valid.

OPM denied Jones's disability application on January 13, 2006. He requested reconsideration of OPM's initial decision on January 26, 2006, and provided a Residual Functional Capacity Questionnaire from a doctor indicating his medical restrictions in sitting, standing, walking, lifting/carrying, bending, and twisting. In its April 26, 2006, reconsideration opinion, OPM again found that Jones had failed to establish that DVA had been unable to make reasonable accommodation for his medical conditions.

OPM's reconsideration opinion informed Jones that he had thirty calendar days from the date of the decision or receipt of the decision, whichever was later, to appeal the decision to the Board. Jones states that he had difficulty understanding what his obligations were in order to perfect his appeal and so sought the assistance of counsel. He required approximately one and a half weeks to locate a lawyer, leaving about two and a half weeks until the appeal was due. Jones left the relevant documents with the lawyer's assistant, and then contacted the assistant about a week before the deadline when he had not heard back from the lawyer. The assistant advised that Jones contact

OPM to obtain additional information because OPM had not been responsive to requests from the lawyer's office. Jones accordingly contacted OPM.

In the meantime, Jones's sister accompanied him out of state to visit his mother who had pancreatic cancer. He himself was also scheduled to have cervical fusion surgery on June 20, 2006. OPM returned Jones's call while he was out of state and informed him that he should contact the Board regarding his inquiry. When Jones returned home, he contacted the Board and was informed that nothing could be done until his appeal was filed. He then contacted the lawyer's office and informed them that the appeal needed to be filed by fax that day. The next day, June 29, 2006, upon learning that the appeal had still not been filed, Jones retrieved his documents from the lawyer's office, completed the appeal form, and faxed it to the Board that same day. Allowing for mailing time, Jones's appeal was filed approximately one month late.

On June 30, 2006, the administrative judge ("AJ") issued an acknowledgement order stating that Jones's appeal appeared to be untimely and giving him an opportunity to demonstrate good cause for the delay in filing. In response, Jones filed a letter on July 6, 2006, detailing the circumstances described above and further stating that serious financial difficulties contributed to the delay as well. On July 10, 2006, OPM moved to dismiss the appeal on the basis that no good cause had been shown for the delay. In an initial decision issued without a hearing on October 13, 2006, the AJ concluded that Jones was aware of the deadline for appeal and had not been sufficiently diligent in monitoring his lawyer's progress to be able to demonstrate good cause for the delay in filing.

On October 24, 2006, Jones filed a timely appeal of the initial decision to the full Board. In his appeal, Jones stated more specifically that the lawyer he had contacted had told him before he left that his appeal would be filed before the deadline, and that he relied on that assurance. He also noted that at the time he went to visit his mother, she was three weeks removed from a heart attack and doctors had only given her thirty to sixty days to live. With his appeal, Jones included a copy of a letter from the Office of Disability Adjudication and Review of the Social Security Administration, dated October 17, 2006, informing him of a fully favorable decision on his application for Social Security disability benefits.

On May 2, 2007, the Board issued a split decision denying Jones's petition for review because it found no new, previously unavailable evidence or error of law by the AJ. See 5 C.F.R. § 1201.115. The AJ's initial decision thus became the final decision of the Board. See 5 C.F.R. § 1201.113. Jones timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

On appeal, Jones argues that the following factors demonstrate reasonable and prudent efforts on his part in filing his appeal and sufficient circumstances to demonstrate good cause for the delay in its filing: (1) his limited understanding of the legal processes; (2) his diligent efforts to find and retain an attorney for assistance; (3) the assurances he received from his attorney that his appeal would be filed on time; (4) his serious health issues and surgery; (5) his mother's terminal illness; (6) his financial difficulties; (7) his follow-up to ensure that the appeal had been filed; and (8) his filing the appeal himself immediately upon learning that it had not been filed by his attorney.

The government responds that the AJ fully considered all of the factors relevant to Jones's delay, but in her discretion concluded that he had not demonstrated sufficient diligence to overcome the general rule that an appellant is responsible for the mistakes of his chosen legal representative. The government also argues that this court should not consider Jones's more specific statement to the Board that his lawyer told him the appeal would be filed on time because it was not made in his filing before the AJ.

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

We conclude that the Board abused its discretion in finding Jones's appeal to be untimely. This court has approved the use of broad equitable principles of justice and good conscience in determinations of good cause in the filing of an untimely appeal. See Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994). We have also stated that "[d]elay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc) (emphasis added). Some of the specific factors this court has found useful to consider are: "the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or

absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit." Walls, 29 F.3d at 1582 (Fed. Cir. 2006).

The facts of this case fit the criteria for a finding of good cause to waive the time limit for filing. Under the circumstances of this case, Jones exercised ordinary prudence in the selection and supervision of his attorney and the pursuance of his appeal. The one-month delay in the filing of Jones's appeal was more than minimal, but certainly far short of egregious, especially in light of the fact that the agency has failed to argue any prejudice it would suffer if Jones were granted a waiver of the time limit. No negligence appears to have been involved here, except perhaps that of his lawyer, a matter about which we express no opinion. Furthermore, the seriousness and timing of Jones's mother's terminal illness as well as the need for him to continue treatment for his own serious medical problems are certainly circumstances beyond his control that undoubtedly affected his ability to supervise his attorney's compliance with the filing deadline. And it was reasonable for Jones to rely upon the assurances of his attorney one week prior to the deadline that the matter was being pursued and that his appeal would be filed on time. Jones also acted expeditiously to file his appeal upon learning that it had not been filed by his attorney, despite his recent surgery. Thus, while the Board has discretion in determining whether there is good cause for delay, the principles of justice and good conscience dictate that the failure to find good cause for the delay under the circumstances of this case was clearly unreasonable.

Because the Board abused its discretion in concluding there was no good cause for delay in the filing of Jones's appeal, we <u>reverse</u> its decision and <u>remand</u> for further proceedings.