NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MCCARTHY BARNES, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2015-3018

_____

Petition for review of the Merit Systems Protection Board in No. DC-0752-13-0357-I-1.

_____

Decided: August 19, 2015

_____

FREDERIC WILLARD SCHWARTZ, Law Office of Frederic W. Schwartz, Jr., Washington, DC, argued for petitioner.

MICHAEL ANTON CARNEY, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by BRYAN G. POLISUK.

_____

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

O'MALLEY, *Circuit Judge*.

McCarthy Barnes, Jr. ("Barnes") appeals from the decision of the Merit Systems Protection Board ("the Board") dismissing his petition for review as untimely filed without a showing of good cause for the delay. *Barnes v. Dep't of Defense*, No. DC-0752-13-0357-I-1, 2014 MSPB LEXIS 6039 (M.S.P.B. Sept. 3, 2014) ("*Final Order*"). Because the Board abused its discretion in reaching this decision, we *reverse*.

## BACKGROUND

Barnes was a police officer with the Pentagon Force Protection Agency ("PFPA" or "the agency") at the Department of Defense. *Barnes v. Dep't of Defense*, No. DC-0752-13-0357-I-1, 2014 MSPB LEXIS 1069, at *1 (M.S.P.B. Feb. 21, 2014) ("*Initial Decision*"). The agency removed him from that position effective February 8, 2013, based on a charge of "Conduct Unbecoming a PFPA Police Officer." *Id.* at *1-2. Barnes appealed his removal to the Board. After holding a hearing, the administrative judge ("AJ") issued an initial decision affirming the agency's removal action. Therein, the AJ informed Barnes that the initial decision would "become final on March 28, 2014 unless a petition for review [wa]s filed by that date." *Id.* at *42.

On March 31, 2014—the Monday after the petition was due—counsel for Barnes filed an untimely petition and a pleading captioned "Non-Consent Motion for Leave to File Appellant's Petition One Business Day Late, Petition Having Been Lodged." *Final Order*, 2014 MSPB LEXIS 6039, at *4. In that motion, counsel explained that he completed the petition on March 28, 2014, and assumed that the petition, which was 28 pages long, complied with the Board's filing requirements—30 pages or 7,500 words, whichever is less. Counsel indicated, however, that, when he performed a computer-generated word count in final preparation for filing, he discovered

that the petition substantially exceeded the Board's 7,500-word limitation.  *Id.*  Counsel explained that he immediately began editing the petition, but was unable to reduce it to 7,500 words before midnight on March 28, 2014.  *Id.*

Counsel attempted to electronically file the revised petition on Saturday, March 29, 2014, and again on Monday, March 31, 2014, but was unable to do so because the Board's e-Appeal system would not allow him to log in.  *Id.*  Indeed, the Board concedes that the system was experiencing technical difficulties on Saturday, March 29th and Monday, March 31st.  Respondent's Br. 4, n.2.[1] Counsel for Barnes ultimately filed the Petition and Non-Consent Motion for Leave to File by hand-delivering it to the Board's headquarters on the morning of March 31, 2014.  *Final Order*, 2014 MSPB LEXIS 6039, at *5.

On April 2, 2014, the Office of the Clerk of the Board issued a letter acknowledging March 31, 2014 as the filing date of the appellant's petition for review.  Joint Appendix ("J.A.") 76.  The letter did not address the untimeliness of the petition.  The Board filed its response to the petition for review on April 25, 2014, and Barnes ultimately filed a reply on May 28, 2014.

On September 3, 2014, the Board issued a final order dismissing Barnes' petition for review as untimely filed. The Board recognized that a "delay of 3 days is relatively brief," but found that Barnes "has not shown good cause for his failure to meet the filing deadline."  *Final Order*, 2014 MSPB LEXIS 6039, at *6-7.  First, the Board noted that Barnes is represented by counsel who has practiced before the Board and, thus, is on notice of the Board's practices and procedures.  Although counsel for Barnes

---

[1]    According to the Board, these difficulties were due to the high volume of furlough appeals filed at that time. *Id.*

conceded that "the delay was entirely his fault," the Board explained that "an appellant is responsible for the errors of his chosen representative." *Id.* at *8. The Board further questioned how counsel could claim that he did not realize the length issue until the last minute. *Id.* And, the Board noted that counsel could have filed a motion for extension of time on March 28, 2014. *Id.* at *8-9 (citing 5 C.F.R. § 1201.114(f) ("Motions for extensions must be filed with the Clerk of the Board on or before the date on which the petition or other pleading is due.")).

Considering all of the circumstances, the Board dismissed the petition as untimely filed. The AJ's initial decision thus became the final decision of the Board with respect to Barnes' removal. Barnes timely petitioned this court for review, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Rocha v. Merit Syst. Prot. Bd.*, 688 F.3d 1307, 1310 (Fed. Cir. 2012).

A petition for review of a Board decision must be filed within 35 days of the decision's issuance or within 30 days of the petitioner's receipt of the decision, if the petitioner shows that he received the decision more than 5 days after it issued. 5 C.F.R. § 1201.114(e). The Board will, however, waive this time limit upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). "To establish good cause for a filing delay, an appellant must show that the delay was excusable under the circumstances and that the appellant exercised due diligence in

attempting to meet the filing deadline." *Zamot v. Merit Syst. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003).

The decision to waive the regulatory time limit is committed to the discretion of the Board, and is reversed only for abuse of that discretion. *See Mendoza v. Merit Syst. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc) ("[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board."). The petitioner bears a "heavy burden of establishing that the Board abused its discretion in finding that he failed to show good cause for the delay in filing his petition for review." *Zamot*, 332 F.3d at 1377.

The issue on appeal is whether the Board abused its discretion in finding that Barnes failed to show due diligence or good cause for the delay in filing his petition for review. The Board's regulations do not provide any specific criteria for determining when good cause has been shown. We have recognized, however, that there are several nonexclusive factors that may be considered, including:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Herring v. Merit Sys. Prot. Bd.*, 778 F.3d 1011, 1013-14 (Fed. Cir. 2015) (quoting *Alonzo v. Dep't of the Air Force*, 4 M.S.P.R. 180, 184 (1980)); *see also Walls v. Merit Sys.*

*Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) ("We previously have recognized the efficacy of the Alonzo factors in good cause determinations by the Board."). We have explained that "excusable neglect" is "neglect that a reasonably prudent person might manifest under the circumstances." *Walls*, 29 F.3d at 1582 (citation omitted).

Here, it is undisputed that the petition for review was due on Friday, March 28, 2014. It is also undisputed that counsel for Barnes hand-delivered the petition to the Board's headquarters on Monday, March 31, 2014. The Board conceded that counsel was unable to access the e-Appeal system from Saturday through Monday following the Friday filing deadline, and determined that the filing delay of 3 days was "relatively brief." *Final Order*, 2014 MSPB LEXIS 6039, at *4-6. Notwithstanding the "brevity of the delay," the Board found that, Barnes "ha[d] not shown good cause for his failure to meet the filing deadline" because: (1) he is responsible for the errors of his chosen representative; (2) counsel's word count error "was avoidable;" and (3) counsel failed to submit a motion for an extension of time, which would have been timely filed on March 28, 2014. *Id*. at *7-9.

We conclude that the facts of this case support a finding of good cause to excuse the untimely filing. First, although the Board characterized it as a 3-day delay, Barnes' petition was due on a Friday and it was the Board's own computer failures that prevented a filing the next day. While the Board faults Barnes' counsel for not having resorted to traditional delivery methods on Saturday when he realized the computerized filing system's failures were not going to be timely corrected, we find that position untenable. The Board has instituted an electronic filing system which it requires all counsel to become familiar with and employ. Requiring alternative efforts on a Saturday once it was clear the Board was not going to fix its filing system is not reasonable in these circumstances. We, thus, conclude that the filing was only one

day late. That the delay was only one day does not necessarily mean that it is excusable, however. *See Skaggs v. Merit Sys. Prot. Bd.*, 364 F. App'x 623, 627 (Fed. Cir. 2010) (affirming a Board decision that found a one-day delay in filing was inexcusable where the delay was the result of negligence).

It is well established that "[t]he appellant need not show an utter impossibility, but only that the delay was excusable in light of the particular facts and attending circumstances where diligence or ordinary prudence has been exercised." *Herring*, 778 F.3d at 1014 (quoting *Anderson v. Dep't of Justice*, 999 F.2d 532, 534 (Fed. Cir. 1993)). Counsel for Barnes admitted to the Board that he "should have considered both [the page limit and the word count] requirements in tandem as he drafted the petition." J.A. 82. When he realized that the petition was too long, counsel began editing it to comply with the Board's regulations before filing. The undisputed evidence shows that he tried to submit the petition via the Board's e-Appeal system both over the weekend and on Monday morning, but was unable to do so because the system was down. At oral argument, counsel for the Board conceded that these attempts to electronically file the petition showed signs of diligence. *See* Oral Argument at 16:53-58, *available at* http://oralarguments.cafc.uscourts. gov/default.aspx?fl=2015-3018.mp3 ("Certainly there were signs of diligence. The attempts to e-file were signs of diligence."). And, when asked what would have happened if counsel for Barnes had submitted the petition that exceeded the word count on Friday, the Board's counsel explained that the Clerk of the Board would have rejected it as non-compliant and given him additional time to submit a compliant petition. *Id.* at 19:03-39.[2] Thus, it

---

[2] At oral argument, counsel for the Board indicated that "[t]he Clerk has the option to reject a noncomplying

was counsel's efforts to file a fully compliant petition that rendered the petition one day late, and which the Board believes can justify depriving Barnes of the opportunity to have his petition considered.

Under these circumstances, given the minimal delay, counsel's attempts to bring the petition into compliance with the Board's regulations, the fact that the Board's preferred filing method was unavailable, and counsel's concession that a noncompliant filing would have given Barnes additional time in which to file a compliant one, we conclude that the delay was excusable. Although the Board has discretion in determining whether there is good cause for delay, "the principles of justice and good conscience" weigh in favor of finding good cause for the delay under the particular circumstances of this case. *See Walls*, 29 F.3d at 1582; *see also Jones v. Merit Sys. Prot. Bd.*, 256 F. App'x 353, 356 (Fed. Cir. 2007) (applying "the principles of justice and good conscience" and concluding that the Board abused its discretion in finding an appeal untimely where there was a one-month delay in filing, but there were significant circumstances beyond the petitioner's control "that undoubtedly affected his ability to supervise his attorney's compliance with the filing deadline").

## CONCLUSION

For the foregoing reasons, because the Board abused its discretion in concluding that there was no good cause

---

brief, so if it had looked at the brief and did a word count and said this is way too long . . . they could have rejected it and said you have two days to resubmit." Oral Arg. at 19:19-39. And when asked whether filing the non-compliant brief would have given counsel for Barnes "the time to fix his word count," the Board's counsel responded "if he had filed on Friday, Your Honor, yes." *Id.*

shown for the delay in filing, we reverse its decision and remand for further proceedings.

**REVERSED**