# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FANNY MAK,
                    Appellant,

          v.

TENNESSEE VALLEY AUTHORITY,
                    Agency.

DOCKET NUMBER
AT-0351-14-0767-I-1

DATE: March 16, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Floyd Kilpatrick, Chattanooga, Tennessee, for the appellant.

John E. Slater, Knoxville, Tennessee, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action separating her from Federal service by reduction in force (RIF).  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant filed an appeal with the Board challenging the agency's action separating her from Federal service by RIF, effective June 16, 2014. Initial Appeal File (IAF), Tab 1, Tab 4 at 28-30. On August 4, 2015, the administrative judge issued an initial decision based on the written record[2] affirming the agency's action. IAF, Tab 19, Initial Decision (ID). She found that: (1) the agency invoked the RIF regulations for a legitimate reason, and properly applied them as to the appellant's competitive level and competitive area; and (2) as an excepted-service employee, the appellant did not have assignment rights upon her release from her competitive level. ID at 2-7.

¶3      The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. She challenges the validity of the RIF action, arguing that it was motivated by discrimination based on her race and age. *Id.* at 3. The agency filed a response in opposition to the petition for review, to which the appellant did not reply. PFR File, Tab 4. It argues that the appellant's petition for review was untimely filed and that she has not shown good cause for her filing delay. *Id.* at 5-7. It further argues that the appellant's discrimination claims should not be considered because she did not timely raise them below. *Id.* at 7-9.

The appellant's petition for review was untimely filed, but she has established good cause for her filing delay.

¶4      The administrative judge correctly advised the parties that the initial decision would become final on September 8, 2015, unless a petition for review was filed by that date. ID at 7; *see* 5 C.F.R. § 1201.114(e). The appellant's

---

[2] The appellant declined a hearing on her initial appeal form. IAF, Tab 1 at 3. She subsequently expressed her desire for a hearing, but thereafter withdrew that request during the close-of-record conference. IAF, Tab 7 at 3, Tab 12 at 1.

petition for review was postmarked September 9, 2015. PFR File, Tab 1 at 12. Under the Board's regulations, the date of filing by mail is determined by the postmark date. 5 C.F.R. § 1201.4(*l*). Accordingly, it appears that her petition for review was filed 1 day late.

¶5      The appellant argues that her petition was timely filed. PFR File, Tab 3 at 1. Mr. Kilpatrick, the individual whom the appellant has designated on review to represent her, has provided a sworn statement that the administrative judge contacted him by telephone on August 3, 2015, and requested that he submit a designation of representative form signed by the appellant. PFR File, Tab 1 at 1, Tab 3 at 1, 3. He states that he had the appellant sign a designation form on the same day and that he and the appellant "sent that [form] to the Atlanta Regional Office." PFR File, Tab 3 at 1. He asserts that, after doing so, he did not hear from the administrative judge. *Id.* He claims that he did not receive a copy of the initial decision until the appellant provided it to him on August 12, 2015. *Id.* The appellant contends that her petition for review was timely filed based on the date Mr. Kilpatrick received the initial decision. *Id.*

¶6      The appellant's claim regarding when Mr. Kilpatrick received the initial decision does not establish that her petition for review was timely filed. The Board's regulations plainly state that, if an appellant is represented, the deadline for filing a petition for review runs from either her or her representative's receipt of the initial decision, whichever comes first. 5 C.F.R. § 1201.114(e). The appellant was registered as an e-filer and therefore is deemed to have received the initial decision on August 4, 2015, the date it was sent to her by electronic mail. IAF, Tab 1 at 3, Tab 20; *see* 5 C.F.R. § 1201.14(m)(2). Thus, the deadline for filing, which began to run from the appellant's receipt of the initial decision on August 4, 2015, was September 8, 2015. *See* 5 C.F.R. § 1201.114(e). Therefore, we find that the petition for review was untimely filed.

¶7      Where a petition for review is untimely filed, the Board will waive the time limit for filing if the appellant shows good cause for her filing delay. *Miller v.*

*Department of the Army*, 112 M.S.P.R. 689, ¶ 13 (2009); 5 C.F.R. § 1201.114(g). In determining whether an appellant has shown good cause, the Board may consider several nonexclusive factors, including: the length of the delay; whether the appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant that affected her ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances that show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency that would result from waiver of the time limit. *Barnes v. Merit Systems Protection Board*, 625 F. App'x 996, 999 (Fed. Cir. 2015) (citing *Herring v. Merit Systems Protection Board*, 778 F.3d 1011, 1013-14 (Fed. Cir. 2015) (finding good cause for a 10-day delay)); *Miller*, 112 M.S.P.R. 689, ¶ 13. The Board may find good cause for an appellant's untimely filing of a petition for review if her properly designated representative did not timely receive a copy of the initial decision. *See Channell v. U.S. Postal Service*, 76 M.S.P.R. 630, 631-33 (1997) (determining that it was improper to penalize the appellant for failing to respond to a timeliness order that was not served on his designated representative); *Farrell v. U.S. Postal Service*, 70 M.S.P.R. 564, 565-67 (1996) (finding good cause to excuse a 7-day delay in filing a motion for attorney fees where the appellant's attorney filed the fee motion on the same day he learned the initial decision had been issued).

¶8 There is no evidence in the record to contradict Mr. Kilpatrick's sworn statement that the administrative judge instructed him to submit a designation of representative form and that he promptly complied with that instruction. He then acted diligently by filing the appellant's petition for review within 30 days of his receipt of the initial decision. Although the filing was 1 day beyond the deadline, this delay was minimal. *See Barnes*, 625 F. App'x at 999 (finding that the Board should have excused a 1-day delay in filing a petition for review

because the delay was minimal and was due to the appellant's counsel's attempts to comply with the Board's length of pleading limitations). Further, we discern no prejudice to the agency because it received an opportunity to respond to the appellant's petition for review. PFR File, Tab 4. Accordingly, given the unique circumstances in this case, we find that the appellant has established good cause for her filing delay.

We remand this appeal for the administrative judge to address the appellant's discrimination claims.

¶9     In January 2015, Mr. Kilpatrick raised claims of race and age discrimination on the appellant's behalf and requested a hearing regarding those claims.[3] IAF, Tab 15. Although the administrative judge acknowledged receipt of that pleading in the initial decision, ID at 5 n.2, she did not adjudicate the appellant's discrimination claims. *See generally* ID. On review, the appellant asserts that this was error. PFR File, Tab 1 at 3. We agree.

¶10    The administrative judge should have apprised the appellant of the applicable burdens of proving her discrimination claims, as well as the kind of evidence she was required to produce to meet her burden. *See Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 13 (2010). Because she failed to do so, we must remand this appeal for her to afford the parties such notice and an opportunity to submit evidence and argument under the proper standard. *See id.*; *Abakan v. Department of Transportation*, 98 M.S.P.R. 662, ¶¶ 7-9 (2005) (remanding an appeal of a RIF action because the administrative judge failed to examine the appellant's discrimination claims). The administrative judge should

---

[3] As the agency points out, the appellant did not raise these claims prior to the end of the close-of-record conference in September 2014. *See* 5 C.F.R. § 1201.24(b) (requiring an appellant to show good cause for raising claims or defenses for the first time after the conferences defining the issues in the case); IAF, Tab 12; PFR File, Tab 4 at 8. However, because the administrative judge later reopened the record in May 2015, albeit for a limited purpose, IAF, Tab 16, she should have adjudicated the appellant's discrimination claims, which relate directly to the agency's burden of proof in this appeal.

determine whether the appellant wishes to have a hearing regarding her discrimination claims and, if so, hold the requested hearing. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 45-46 (2015). She thereafter must address the merits of those claims, as they relate to the agency's RIF action, in a new initial decision. *See Abakan*, 98 M.S.P.R. 662, ¶ 10; *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (holding that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:               _____
                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.