PLAGER, Senior Circuit Judge.
Larry M. Skaggs was separated after twenty-two years of service in the Department of the Navy because he was found to be physically unable to perform the duties of his position. Through counsel, an attorney with the Advocacy Center for Persons With Disabilities, a non-profit advocacy organization that is funded through federal grants and does not charge its clients for services, Mr. Skaggs filed an appeal with the Merit Systems Protection Board (“Board”) twelve hours past the 30-day deadline. The administrative judge (“AJ”) assigned to the case dismissed the appeal as untimely, finding that the attorney was negligent and therefore Mr. Skaggs failed to show good cause for the delay in filing. See 5 C.F.R. § 1201.22(c). In due course the decision of the AJ became the final decision of the Board. Mr. Skaggs timely appeals the Board’s decision to this court.
Under the circumstances of this case— the petitioner relied on pro bono counsel from a Government-sponsored advocacy organization located 300 miles from his residence; the attorney missed the filing deadline by less than a day; the attorney stated that he worked diligently on the appeal in the days immediately preceding the filing day; and the agency only briefly noted the timeliness issue and proceeded to address the merits of the ease — we are not comfortable summarily affirming the AJ’s decision not to waive the filing deadline, particularly in view of the cursory manner in which the AJ addressed the issue. We are aware that whether the regulatory time limit for an appeal should be waived is a matter within the broad discretion of the Board. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir.1992) (en banc). Nevertheless, the Board early on stated that, though there is a need for finality in personnel actions, “ttjhere are strong policy considerations that employees be given a hearing on the merits of their cases and that they be ensured a fair opportunity to secure from the Board an independent review of agency action.” Alonzo v. Dep’t of the Air Force, 4 MSPB 262, 263, 4 M.S.P.R. 180 (1980). Further, the Board said that “[gjenerally, ... in cases such as these, any doubt about whether good cause has been shown should be resolved in favor of an appellant.” Id. at 266, 4 M.S.P.R. 180.
In his decision in this case, the AJ seems to have given little consideration to the range of factors relevant to whether good cause for delay has been shown, and seemed to focus primarily on the question of whether Mr. Skaggs’ attorney may have been negligent in failing to file on time. This is too narrow an approach. See Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed.Cir.1994).[1] We believe *932 that Mr. Skaggs is entitled to a more thorough evaluation of whether a waiver of the time limit is appropriate in his case, and in the interest of justice we vacate the Board’s dismissal of the case and remand for further consideration of whether good cause exists for the short filing delay.

. In Alonzo, the Board identified seven specific factors to be included in the consideration: (1) the length of the delay; (2) whether the employee knew of the time limit; (3) circumstances beyond the employee’s control; (4) the presence or absence of negligence; (5) whether neglect was excusable neglect; (6) unavoidable casualty or misfortune; and (7) prejudice to the agency. 4 MSPB at 264, 4 M.S.P.R. 180. Though some of our cases subsequently seemed to focus on only one or another factor, especially whether negligence by the employee’s attorney was at the root of the problem, see, e.g., Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434 (Fed.Cir.1986), in the 1994 Walls case we expressly approved the Alonzo factor analysis, in which no one factor is determinative. That remains the law of this Circuit. The length of the delay is as important as any other factor, and should be given *932 proper weight on remand along with the other factors.