NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3018

LARRY M. SKAGGS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Gayle E. Miller, Advocacy Center for Persons with Disabilities, Inc., of Hollywood, Florida, for petitioner.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.


Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3018

LARRY M. SKAGGS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752060796-M-1.

_____

DECIDED: February 3, 2010

_____

Before BRYSON, LINN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Larry M. Skaggs ("Skaggs") seeks review of a final decision of the Merit Systems Protection Board ("Board"), dismissing for untimeliness his appeal of a Department of the Navy ("Navy") action removing him from service based on his alleged medical inability to perform the essential duties of his position. Because the Board's decision on waiver of the regulatory time limit reflects a proper exercise of discretion, we <u>affirm</u>.

## BACKGROUND

Skaggs was a civilian employee of the Navy for twenty-two years. On May 11, 2006, the Navy notified Skaggs that he would be removed from service effective May

16, 2006, based on his alleged medical inability to perform the essential duties of his position. The notice informed Skaggs that he had thirty calendar days from the effective date of the action in which to appeal his removal to the Board.

Skaggs filed an appeal with the Board on June 16, 2006, thirty-one days after the effective date of his removal. The agency responded to this appeal on July 12, 2006, pointing out that the last date for a timely filing would have been June 15, 2006. On July 13, 2006, the administrative judge ("AJ") issued an order to show cause requiring Skaggs to show by preponderant evidence that good cause existed for his delay in filing the appeal. Skaggs's attorney at the time was Mizell Campbell, Jr. ("Campbell"), an attorney employed by the Advocacy Center For Persons With Disabilities, a not-for-profit organization that provides free assistance to individuals with disabilities. In his response to the order to show cause, Skaggs argued that his appeal was only one day late and that it was difficult for his attorney to obtain the necessary documents for the appeal because the attorney's office was 300 miles from Skaggs's residence. In addition, Campbell claimed that after meeting with Skaggs on June 12, 2006, he worked diligently on preparing the appeal until it was filed. Skaggs asserted that any negligence was excusable and that the agency made no claim that it would suffer any harm because of the one-day delay.

The AJ issued an initial decision dismissing Skaggs's appeal as untimely. Skaggs v. Dep't of the Navy, No. AT0752060796-I-1 (M.S.P.B. Aug. 15, 2006). The Board denied Skaggs's petition for review. Skaggs v. Dep't of the Navy, 104 M.S.P.R. 266 (Table) (2006). On appeal, this court remanded the case to the Board for further consideration of whether good cause existed for the filing delay, finding that the AJ did

not properly consider all the factors required under the standard set out in <u>Alonzo v. Department of the Air Force</u>, 4 M.S.P.R. 180 (1980). <u>Skaggs v. Merit Sys. Prot. Bd.</u>, 253 Fed. App'x 930 (Fed. Cir. 2007). Specifically, this court stated that "the AJ seems to have given little consideration to the range of factors relevant to whether good cause for delay has been shown, and seemed to focus primarily on the question of whether Mr. Skaggs'[s] attorney may have been negligent in failing to file on time." <u>Id.</u> at 932.

On remand, the AJ allowed the parties to supplement the record and Campbell submitted an affidavit stating that he had "mistakenly calculated the deadline for filing" because he "forgot that the month of May has 31 days rather than 30." <u>Skaggs v. Dep't of the Navy</u>, No. AT0752060796-M-1, slip-op at 2 (M.S.P.B. May 13, 2008) ("<u>Remand Decision</u>"). On May 13, 2008, the AJ issued an initial decision again dismissing Skaggs's appeal. <u>Id.</u> at 3. In his decision, the AJ considered each of the first six factors set forth in <u>Alonzo</u>, finding: (1) the length of delay was brief and thus weighed in Skaggs's favor, however, it was the only factor that did so; (2) Skaggs and Campbell both knew of the time limit since it was clearly set forth in the agency's decision notice that Skaggs included with his initial appeal; (3) Skaggs was responsible for the acts of his chosen representative, and therefore Campbell's miscalculation of the deadline for appeal was not out of Skaggs's control; (4) Campbell's miscalculation was negligent; (5) Campbell's negligence was inexcusable; and (6) Skaggs did not identify any casualty or misfortune contributing to the filing delay. <u>Id.</u> at 2-3. The AJ did not consider the seventh <u>Alonzo</u> factor because he concluded that "the issue of prejudice to the agency need not be reached where, as here, no showing of good cause for the delay in filing has been shown." <u>Id.</u> at 3. The Board denied Skaggs's petition for review. <u>Skaggs v.</u>

<u>Dep't of the Navy</u>, 110 M.S.P.R. 152 (Table) (2008). Skaggs filed a timely appeal with this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

This court's review of a decision of the Board is limited by statute. Under 5 U.S.C. § 7703(c), this court is bound by a decision of the Board unless we find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence. <u>See, e.g. Carr v. Soc. Sec. Admin.</u>, 185 F.3d 1318, 1321 (Fed. Cir. 1999). Under 5 C.F.R. § 1201.56(a)(2), the petitioner has the burden of proof as to the timeliness of an appeal. "Whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." <u>Mendoza v. Merit Sys. Prot. Bd.</u>, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

Skaggs requests that we reverse the Board's decision on remand because the AJ improperly applied <u>Alonzo</u>. Skaggs asserts that the AJ analyzed only four of the seven <u>Alonzo</u> factors, improperly omitting the following three factors: the presence or absence of negligence; unavoidable casualty or misfortune; and prejudice to the agency. Skaggs appears to base this argument on the fact that the AJ stated that "three factors can be evaluated together." <u>Remand Decision</u> at 2. However, this argument is without merit. The AJ clearly found that Campbell's miscalculation was negligent. <u>Id.</u> at 2-3 ("Mr. Campbell averred that he could have filed the appeal on June 15, 2006 but for his apparent inability to read a calendar. This negligence on Mr. Campbell's part does not constitute a circumstance beyond his or Mr. Skaggs' control.").

In addition, the AJ noted that Skaggs "did not identify any casualty or misfortune which prevented him from filing a timely appeal." Id. at 3. Skaggs does not argue that he provided any such evidence.

As for the seventh factor, prejudice to the agency, this court has recognized that "the agency is required to submit evidence that the untimely appeal would prejudice it only if the petitioner initially shows that there was good cause for the delay in filing the appeal." Bacashihua v. Merit Sys. Prot. Bd., 811 F.2d 1498, 1502 (Fed. Cir. 1987) (citing Womack v. Merit Sys. Prot. Bd., 798 F.2d 453, 456 (Fed. Cir. 1986)). Hence, the AJ correctly concluded that since Skaggs failed to provide a reasonable excuse for his delay in filing the initial appeal, it was unnecessary to address the question of any potential prejudice to the agency caused by the delayed filing.

Skaggs also argues that the AJ erred by not considering several additional factors beyond those specifically listed in Alonzo. Skaggs contends these other factors weigh in his favor and include: the brevity of the delay; the exercise of due diligence and ordinary prudence in filing the appeal; the distance of counsel from Skaggs's residence; Campbell's lack of legal staff and an automatic calendaring system; and the fact that the Navy responded to the initial appeal on the merits. However, all of these additional considerations are addressed by at least one of the previously discussed Alonzo factors. The brevity of the delay was clearly considered in the factor relating to length of delay, which the AJ found did weigh in Skaggs's favor. The exercise of due diligence, the distance separating counsel and Skaggs's residence, and Campbell's lack of legal staff and an automatic calendaring system all factor into whether Campbell's miscalculation was negligent or excusable. The AJ specifically found that Campbell

was negligent and this negligence was not excusable. Finally, the fact that the Navy responded to Skaggs's appeal on the merits goes to whether the agency was prejudiced by the filing delay. As discussed above, the AJ properly determined that it was unnecessary to consider this factor.

Finally, Skaggs argues that, to the extent there exists any doubt about the existence of good cause for the filing delay, such doubt must be resolved in Skaggs's favor. However, the AJ found that five of six factors weighed against Skaggs and expressed no doubt about Skaggs's failure to meet his burden to show good cause. This argument is thus inapplicable.

Under the circumstances of this case, the Board could reasonably conclude that the minimal length of delay in the filing of his appeal was outweighed by Skaggs's negligence. We therefore cannot say that the Board abused its discretion in concluding that Skaggs failed to show good cause for the delay in filing his appeal. See, e.g. Ladomirak v. Merit Sys. Prot. Bd., 129 F.3d 134 (Fed. Cir. 1997) (Table) (affirming a Board decision that found a one-day delay in filing was untimely where the delay was the result of a miscalculation on the part of the secretary of the appellant's attorney). Accordingly, the Board's decision must be affirmed.

COSTS

No costs.