**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES T. SLADE,<br>          Appellant,<br><br>          v.<br><br>DEPARTMENT OF AGRICULTURE,<br>          Agency. | DOCKET NUMBER<br>DE-0752-15-0536-I-1<br><br><br>DATE: February 24, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Raymond R. Aranza, Esquire, Omaha, Nebraska, for the appellant.

Bradly Siskind, Esquire, Riverdale, Maryland, for the agency.

Zachary L. Wright, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED to correct the effective date of the appellant's removal, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    By letter dated July 8, 2015, the agency informed the appellant that he would be removed effective July 11, 2015. Initial Appeal File (IAF), Tab 14 at 23. The agency informed the appellant that if he wished to file a Board appeal, he needed to file it within 30 days after the effective date of the removal or his receipt of the decision, whichever was later. *Id*. at 29. The appellant's attorney received the decision by email from the agency on July 9, 2015, IAF, Tab 10 at 8, and forwarded the decision to the appellant that same day, *id*. at 7. In his email forwarding the decision, the appellant's attorney stated: "Unfortunately, the Agency decided to terminate you effective July 11, 2015. We have 30 days to appeal to the MSPB." *Id*. The appellant filed his appeal on August 18, 2015. IAF, Tab 1.

¶3    The administrative judge issued a timeliness order informing the appellant that his appeal appeared to be 8 days late and explaining the burden for establishing good cause for a filing delay. IAF, Tab 4. He ordered the appellant

to file evidence and argument showing either that his appeal was timely filed or that good cause existed for the delay in filing. *Id*. at 3. The appellant submitted a response in which he acknowledged that his attorney received the letter of decision by email on July 9, 2015, and that the appellant personally received the decision by certified mail on July 13, 2015, but indicated that the attorney's clerical staff accidentally recorded the deadline for filing the Board appeal as the 45-day deadline for filing Equal Employment Opportunity Commission (EEOC) appeals as opposed to the 30-day deadline for filing Board appeals. IAF, Tab 10 at 4-5. The appellant also asserted that he and his counsel did not know that the clerical staff made the error in recording the appeal deadline and that he relied on his counsel to file the appeal. *Id*. at 5. The agency responded in opposition to the appellant's response to the timeliness order, asserting, inter alia, that prior to the filing deadline, the appellant should have contacted his representative, or filed the appeal himself, but he failed to do either. IAF, Tab 13 at 7.

¶4    The administrative judge dismissed the appeal as untimely filed without good cause shown for the delay. IAF, Tab 17, Initial Decision (ID). Specifically, he found that the appellant filed his appeal 8 days beyond the regulatory filing deadline and that, weighing the totality of the circumstances and considering the preponderance of the evidence, he failed to establish good cause for his untimely filing. ID at 2-6. The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. On review, he generally challenges the administrative judge's finding that he did not exercise due diligence in filing his appeal and argues that the filing delay was not significant.[2] *Id*. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 3.

---

[2] The appellant challenges the administrative judge's citation of a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit in support of his decision. PFR File, Tab 1; *see* ID at 3-5 (analogizing the current appeal to *Skaggs v. Merit Systems Protection Board*, 364 F. App'x 623, 626 (Fed. Cir. 2010) (nonprecedential)). We find no error in this respect because the Board has held that it may rely on

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶5      Applicable Board regulations provide that an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later. *See* 5 C.F.R. § 1201.22(b)(1). The agency indicated in its decision letter that the appellant's removal would be effective July 11, 2015. IAF, Tab 14 at 23. However, the Standard Form 50 documenting the removal indicates that it was actually effective 2 days later on July 13, 2015.[3] *Id.* at 22. By that later effective date, the appellant had received notice of the decision to remove him, both by email via his attorney and by certified mail. IAF, Tab 10 at 7-8. The administrative judge calculated the filing deadline using the July 11, 2015 effective date set forth in the decision letter. ID at 2. However, because the agency actually did not remove the appellant until July 13, 2015, we modify the initial decision to find that the filing deadline was August 12, 2015, not August 10, 2015, as the administrative judge found. *See* 5 C.F.R. § 1201.22(b)(1). Accordingly, we find that the appellant's August 18, 2015 appeal was filed 6 days after the filing deadline.

¶6      For the reasons discussed below, we agree with the administrative judge that the appellant did not show good cause for the filing delay. An untimely appeal will be dismissed unless the appellant establishes good cause for the delay. *See* 5 C.F.R. § 1201.22(c); *see also Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The appellant bears the burden of proving

---

unpublished Federal Circuit decisions if, as here, it finds the court's reasoning persuasive. *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 21 (2008).

[3] Although there is no explanation in the record for the different effective dates, we note that July 11, 2015, the effective date set forth in the decision letter, fell on a Saturday.

good cause for the delay by a preponderance of the evidence.[4] 5 C.F.R. § 1201.56(b)(2)(i)(B). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo*, 4 M.S.P.R. at 184. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition for appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        The administrative judge found that the brevity of the appellant's filing delay weighed in favor of finding good cause, ID at 4, and we agree, particularly in light of our finding that the delay was actually only 6 days, rather than 8. The administrative judge also properly found, however, that both the appellant and his attorney were aware of the time limit, which not only was clearly set forth in the decision notice, but also was explicitly discussed by the appellant and his attorney via email. ID at 4-5 (citing IAF, Tab 10 at 7); *see Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 14 (2009) (holding that the Board will not excuse filing delays based on asserted confusion where the appellant has been placed on clear notice of a filing time limit). We also agree with the administrative judge that the error in calendaring a deadline did not constitute the exercise of due diligence or ordinary prudence. ID at 5 (citing

---

[4] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

*Jones v. U.S. Postal Service*, 110 M.S.P.R. 674 (2009)).[5] The administrative judge was also correct in observing that the fact that the appellant was represented by counsel weighed against a finding of good cause. ID at 5; *see Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 11 (2014). We also agree with the administrative judge's findings that the appellant did not experience casualty or misfortune that contributed to his filing delay and that his counsel's mistake did not constitute a circumstance beyond his control. ID at 5 (citing *Skaggs*, 364 F. App'x at 625-26); *see Jordon v. Department of the Army*, 39 M.S.P.R. 213, 215 (1988) (finding that the error made by counsel's clerical staff in using an inapplicable statute to calculate a filing deadline did not constitute good cause for waiver of the time limit). We thus agree with the administrative judge that, weighing the totality of the circumstances, the appellant failed to establish good cause for his untimely filing. *See McBurnett v. Department of the Army*, 37 M.S.P.R. 395, 396-97 (1988) (finding that counsel's assertion that his failure to timely file an appeal resulted from his misinterpretation of the effective date of the appellant's removal did not constitute good cause for the 1-day filing delay).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[5] In *Jones*, the agency submitted its response to the appellant's petition for review 1 day after the filing deadline. 110 M.S.P.R. 674, ¶ 5 n.2. The agency moved for leave to file late on grounds that the responsible attorney inadvertently "calendared the deadline" for filing the petition on the wrong date. *Id*. The Board found that the error did not constitute good cause for the delay and therefore did not consider the response in reaching its decision. *Id*.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                                               William D. Spencer
                                               Clerk of the Board

Washington, D.C.