**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TYLER L. WENTLER,
          Appellant,

        v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
CH-0752-17-0046-R-1

DATE: July 25, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stephen T. Fieweger</u>, Esquire, Davenport, Iowa, for the appellant.

<u>Emily L. Macey</u>, Rock Island, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      On June 29, 2023, the Board issued a Final Order in this appeal dismissing the petition for review as untimely. However, due to an administrative error in entering the appellant's address into the Board's case management system, the Board served the Final Order by certified mail on an incorrect address for the appellant. The Final Order addressed to the appellant was returned to the Board

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

as undeliverable on July 17, 2023.  We therefore REOPEN this case pursuant to 5 C.F.R. § 1201.118 to further address the timeliness of the petition for review and serve the decision on the appellant at his proper address.

¶2      The appellant has filed a petition for review of the initial decision, which sustained his indefinite suspension based on the suspension of his access to classified materials.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).  However, we VACATE several of the administrative judge's findings regarding the agency's suspension of the appellant's access to classified materials, MODIFY the initial decision to find that the Board lacks jurisdiction over such action, and AFFIRM the initial decision in all other respects.  Except as expressly indicated in this Final Order, the initial decision of the administrative judge is the Board's final decision.

## BACKGROUND

¶3      As properly described in the initial decision, the appellant holds a Contract Specialist position with the Army Contracting Command in Rock Island, Illinois.  Initial Appeal File (IAF), Tab 20, Initial Decision (ID) at 1.  He filed a Board appeal of the agency's suspension of his access to classified materials, effective October 16, 2015, and the agency's decision to indefinitely suspend him without pay pending the final adjudication of his eligibility for a security clearance, effective December 12, 2015.  *Id.*  Based on the written record, the administrative judge issued an initial decision affirming the agency's actions.  ID at 1-2, 11.

¶4      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The appellant has failed to show good cause for the 1-day delay in filing his petition for review.</u>

¶5      Generally, a petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that he received the initial decision more than 5 days after the date of issuance, within 30 days after the date he received the initial decision.  5 C.F.R. § 1201.114(e).  Here, the administrative judge informed the appellant that the initial decision dated February 16, 2017, would become the Board's final decision on March 23, 2017, unless either party filed a petition for review by that date.  ID at 11.  She further informed him that, if he received the initial decision more than 5 days after the date of issuance, he could file a petition for review within 30 days after the date of receipt.  *Id.*  In addition, she notified him that the 30-day period would begin to run upon either his or his representative's receipt of the initial decision, whichever occurred first.  *Id.*

¶6      The certificate of service reflects that, on February 16, 2017, the initial decision was sent both by mail to the appellant's address as recorded in the Board's case management system[2] and by email to his attorney, who had registered as an e-filer.  IAF, Tab 13 at 6, Tab 21; *see* 5 C.F.R. § 1201.14(e)(1) (stating that a party or representative may not file an electronic pleading with the Board unless he or she has registered as an e-filer); 5 C.F.R. § 1201.14(m)(2) (explaining that Board documents served electronically on registered e-filers are deemed received on the date of electronic submission).  The appellant has not argued that he or his attorney did not receive the initial decision.  We further find

---

[2] As noted above, *supra* ¶ 1, the street number of the appellant's address was entered incorrectly into the Board's case management system at the time of docketing, and therefore the initial decision was served by U.S. mail on an incorrect address.  *Compare* IAF, Tab 1 at 2, *with* IAF, Tab 21.  However, there is no indication in the record that the initial decision was returned as undeliverable.

that the deadline for filing the petition for review was March 23, 2017, as stated in the initial decision. ID at 11; *see* 5 C.F.R. § 1201.114(e).

¶7    The appellant filed a petition for review on March 24, 2017, one day past the filing deadline.[3]    In an acknowledgment letter, the Clerk of the Board informed the appellant that his petition for review was untimely filed and that he could file a motion with the Board to accept his filing as timely or to waive the time limit for good cause. PFR File, Tab 2. The letter also stated that the motion must be sent by April 14, 2017. *Id.* at 2. The appellant has not filed any argument or evidence concerning the timeliness of his petition for review.

¶8    The Board may waive the time limit for filing a petition for review upon a showing of good cause for the filing delay. 5 C.F.R. § 1201.114(f)-(g). To establish good cause, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

---

[3] Although the appellant's attorney certified that he mailed the petition for review on March 23, 2017, the postmark date contained on the mailing was March 24, 2017. PFR File, Tab 1 at 5-6. He mailed the petition to the Board's Central Regional Office, which then forwarded it to the Office of the Clerk of the Board. *Id.* at 1-2, 6. A pleading submitted by mail generally is considered filed on the postmark date, even when submitted to the wrong Board office. *Branch v. Department of the Army*, 110 M.S.P.R. 663, ¶¶ 6-7 (2009); 5 C.F.R. § 1201.4(*l*). Thus, we find that the filing date of the appellant's petition for review is the March 24, 2017 postmark date.

¶9        Here, although the brevity of the appellant's 1-day filing delay weighs in favor of finding good cause, we find that the minimal length of the delay is outweighed by the remaining *Moorman* factors.  *See Skaggs v. Merit Systems Protection Board*, 364 F. App'x 623, 626-27 (Fed. Cir. 2010) (affirming the Board's decision finding that the appellant failed to show good cause for the 1-day delay in filing his initial appeal when his attorney was negligent)[4]; *see also McBurnett v. Department of the Army*, 37 M.S.P.R. 395, 396-97 (1988) (finding that negligence on the part of the appellant's attorney did not constitute good cause for the 1-day delay in filing his initial appeal).  The fact that the appellant has been represented by an attorney throughout the appeal weighs against a finding of good cause.  *See Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 11 (2014) (affirming the initial decision that dismissed the appellant's initial appeal as untimely filed without good cause shown).  We find that the appellant's attorney, who filed the petition for review, was aware of the filing deadline after receiving clear notice in the initial decision and was provided with an opportunity to respond on the timeliness issue on review.  PFR File, Tab 2; ID at 11.  We further find that the appellant's failure to address the timeliness of his petition for review and the lack of evidence of circumstances beyond his control or of unavoidable casualty or misfortune that prevented him from filing a timely petition for review weigh against finding good cause.  *See Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶¶ 9-10 (2009) (finding no good cause for the pro se appellant's 10-day delay in filing a petition for review when he failed to respond to the Clerk's notice regarding timeliness).  Therefore, under the particular circumstances of the case, we find that the appellant has failed to establish good cause for his untimely filing.

---

[4] The Board has held that it may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if, as here, it finds the court's reasoning persuasive. *E.g.*, *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 21 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009).

<u>The suspension of the appellant's access to classified information is not an adverse action appealable to the Board.</u>

¶10    For the following reasons, we vacate several of the administrative judge's findings regarding the agency's suspension of the appellant's access to classified materials, and we modify the initial decision to find that the Board lacks jurisdiction over such action.[5]  Specifically, we find that the administrative judge erred in finding that the Board has jurisdiction to review whether the agency committed harmful procedural error in effecting the suspension of the appellant's access to classified information.  ID at 4.  In so finding, the administrative judge cited *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 7 (2015), for the proposition that the Board has the authority under 5 U.S.C. § 7701(c)(2)(A) to review whether the agency committed a harmful procedural error in suspending his access to classified information.  ID at 4.  However, as the administrative judge properly found, the suspension of the appellant's access to classified materials, without a loss in pay, is not an appealable adverse action.  *Id.*; *see* 5 U.S.C. §§ 7501(2), 7512, 7513(d); *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 6 (2014) (defining a "suspension" as the temporary placement of an employee in a nonpay, nonduty status).  Thus, we find that the administrative judge's reliance on *Rogers*, 122 M.S.P.R. 671, ¶ 7, was misplaced.

¶11    Moreover, the Board lacks authority to review the merits of an agency's decision to suspend an appellant's access to classified information.  *Rogers*, 122 M.S.P.R. 671, ¶ 5; *see Jones v. Department of the Navy*, 48 M.S.P.R. 680, 690 (finding that the Board lacks authority to review the merits of an agency's suspension of an appellant's security access in an indefinite suspension appeal),

---

[5] Although we are dismissing the appellant's petition for review as untimely, the issue of the Board's jurisdiction may be raised at any time during a proceeding.  *Morgan v. Department of the Navy*, 28 M.S.P.R. 477, 478 (1985); *see* 5 C.F.R. § 1201.115(e).  Further, the Board has inherent authority to determine whether a matter is within its jurisdiction.  *Lloyd v. Small Business Administration*, 96 M.S.P.R. 518, ¶ 16 (2004).  Therefore, we find that it is appropriate to raise the jurisdictional issue here.

*aff'd as modified on recons.*, 51 M.S.P.R. 607 (1991), *aff'd*, 978 F.2d 1223 (Fed. Cir. 1992).  Further, it is well settled that "employees do 'not have a liberty or property interest in access to classified information, and the termination of that access therefore [does] not implicate any due process concerns.'"  *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1184-85 (Fed. Cir. 2013) (quoting *Jones v. Department of the Navy*, 978 F.2d 1223, 1225 (Fed. Cir. 1992)).

¶12    Therefore, we vacate the following findings regarding the agency's suspension of the appellant's access to classified materials:  the Board has jurisdiction to review whether the agency committed a harmful procedural error; the appellant failed to establish that the agency committed procedural error and therefore failed to bear his burden of proving the affirmative defense of harmful procedural error; the agency did not commit any due process violation; the agency provided the appellant with all procedural protections; and the action is affirmed. ID at 2, 4, 6-7, 10-11.  We clarify that we do not vacate any findings as they relate to the appellant's indefinite suspension from duty without pay.  ID at 2, 10-11.  Moreover, we do not vacate the administrative judge's analysis of the agency's own regulations to the extent it is relevant to her finding that the appellant failed to prove that the agency committed harmful procedural error in effecting the indefinite suspension from duty without pay.  ID at 5-6, 9 n.6. Finally, we modify the initial decision to find that the Board lacks jurisdiction over the agency's suspension of the appellant's access to classified materials, including any claims of harmful procedural error.

¶13    Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review and the Board's lack of jurisdiction over the suspension of the appellant's access to classified information as an independently appealable action.  Except as expressly modified by this Final Order, the initial decision remains the final decision of the Board affirming the decision to indefinitely

suspend the appellant from duty without pay effective December 12, 2015. 5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.