NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SEAN MULLIGAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-2405

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-16-0093-I-2.

---

Decided:  May 16, 2024

---

SEAN PATRICK MULLIGAN, Federal Way, WA, pro se.

CALVIN M. MORROW, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before CHEN, LINN, and STARK, *Circuit Judges*.

PER CURIAM.

The Merit Systems Protection Board (Board) dismissed Mr. Sean Mulligan's petition for review for being filed late after Mr. Mulligan had not responded to the Board's notice to show good cause for his untimely filing. *Mulligan v. Dep't of Homeland Sec.*, No. SF-0752-16-0093-I-2, 2023 WL 4628844, at \*1–2 (M.S.P.B. July 19, 2023) (*Final Order*). Because we cannot say that the Board abused its discretion in considering the petition to be untimely filed, we *affirm*.

BACKGROUND

The Department of Homeland Security removed Mr. Mulligan from his position as a U.S. Customs and Border Protection Officer/Field Canine Trainer effective October 7, 2015. He appealed the removal to the Board on November 3, 2015, and in an initial decision, an administrative judge affirmed the removal. The initial decision indicated that it would become final on May 9, 2017, unless Mr. Mulligan filed a petition for review by that date. Before this deadline, Mr. Mulligan's former legal representative requested a 60-day extension of the petition deadline to July 8, 2017, because Mr. Mulligan had experienced a death in his family and had to take on additional family caretaking duties. The Board issued an order finding sufficient cause for a limited extension of 30 days, extending the deadline to June 8, 2017. The order indicated that the initial decision would become final if Mr. Mulligan did not file a petition for review by the extended deadline.

Mr. Mulligan filed his petition for review pro se on June 9, 2017—one day after the extended deadline. Because his petition did not explain its untimeliness, the Board issued a notice of untimely filing that permitted Mr. Mulligan to file a motion to waive the deadline for good cause. He did not respond to this notice.

On July 19, 2023, the Board issued a final order dismissing the petition as untimely filed without good cause shown. *Final Order*, 2023 WL 4628844, at \*1. In the Board's view, Mr. Mulligan's failure to acknowledge that

he did not timely file his petition, his failure to offer any excuse for this untimely filing, and his failure to respond to the Board's notice all indicated that he did not act with due diligence, notwithstanding the relatively short one-day delay and Mr. Mulligan's pro se status. *Id.* at \*2.

Mr. Mulligan timely appealed to this court. Although his appeal to the Board asserted affirmative defenses based on retaliation against activities protected by the Equal Employment Opportunity (EEO) laws, Mr. Mulligan has since waived these defenses. ECF No. 22 at 2; ECF No. 24 at 3. We therefore have jurisdiction over this appeal. *See* 28 U.S.C. § 1295(a)(9); *Harris v. Sec. & Exch. Comm'n*, 972 F.3d 1307, 1318–19 (Fed. Cir. 2020).

## DISCUSSION

We must affirm a Board decision unless we find it "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). As relevant here, the Board will consider an untimely filed petition if it finds good cause for the untimely filing. 5 C.F.R. § 1201.114(g). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

Mr. Mulligan contends he did not receive the Board's notice indicating that he had untimely filed his petition for review. Appellant's Informal Br. 2. If he had received the notice of untimely filing, Mr. Mulligan asserts, he would have responded immediately. *Id.* According to Mr. Mulligan, he filed his petition one day late because he had experienced problems with his prior legal representation in his case and because he had experienced a death in his family and had taken on additional family caretaking duties. *Id.*

The Board previously considered these personal circumstances and Mr. Mulligan's pro se status when it granted an extension of time to file a petition. Moreover, the Board sent its notice of untimely filing to Mr. Mulligan's email address of record on June 15, 2017, and had not received any responsive motion from Mr. Mulligan at the time of its final order on July 19, 2023. *Final Order*, 2023 WL 4628844, at *1. Though we acknowledge that Mr. Mulligan's one-day delay is relatively short, and perhaps we would not have exercised our discretion in the same manner as the Board, we cannot say that the Board abused its discretion in finding the one-day delay to be inexcusable.[1]

## CONCLUSION

We have considered Mr. Mulligan's remaining arguments and find them unpersuasive. For the reasons articulated above, we *affirm* the Board's dismissal of Mr. Mulligan's petition for review.

**AFFIRMED**

### COSTS

No costs.

---

[1]    *See, e.g.*, *Skaggs v. Merit Sys. Prot. Bd.*, 364 F. App'x 623, 627 (Fed. Cir. 2010) (affirming a Board decision finding inexcusable a one-day delay in filing a petition for review); *Smith v. Dep't of Army*, 105 M.S.P.R. 433, 435–36 (M.S.P.B. 2007) (finding a one-day delay inexcusable because the appellant failed to respond to the Board's notice of untimely filing and otherwise failed to allege any facts supporting good cause for untimeliness); *King v. Mar. Admin.*, 18 M.S.P.R. 409, 410 n.2 (M.S.P.B. 1983) (denying appellant an additional extension of time because the appellant had failed to show sufficient cause for the additional extension).